**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Edward Vashon Bryant, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:04-2649-12 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On August 2, 2004, pursuant to 28 U.S.C. § 2255, Edward Vashon Bryant ("petitioner") commenced this pro se action attacking his conviction. On November 19, 2004, the government moved for summary judgment. On November 30, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On December 7, 2004, the petitioner responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

On May 29, 2002, a federal grand jury charged the petitioner and three others in a six-count indictment. The grand jury charged the petitioner with: Count (1) Hobbs Act robbery, Count (2) using a firearm in connection with a Hobbs Act robbery, and Count (6) being a felon in possession of a firearm. On January 9, 10, and 13, 2003, the petitioner and Ronnell King were tried by a jury. On the second day of the trial, the Court dismissed Counts (1) and (2) against the petitioner at the request of the government. On January 13, 2003, a jury found the petitioner guilty of being a felon in possession of a firearm.

On May 20, 2003, the Court sentenced the petitioner to 120 months confinement followed by 3 years of supervised release. The petitioner appealed his conviction, raising the issue of whether sufficient evidence existed to convict the petitioner for possessing a firearm in

or affecting commerce. On February 2, 2004, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction.

The petitioner claims ineffective assistance of counsel based on the following grounds: (1) counsel did not object to the defective indictment, (2) counsel failed to file a motion to suppress statements the petitioner made to a government agent, (3) counsel did not file a motion to sever his trial from his co-defendant, (4) counsel did not file a motion for mistrial after the Court made improper statements to the jury, (5) counsel's failure to raise constitutional issues on appeal[1], and (6) his sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531 (2004).

The petitioner claims ineffective assistance of counsel during his trial and on appeal. In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose

---

[1] In the petitioner's memorandum supporting his petition to vacate, the petitioner claims he requested counsel to raise three issues on appeal. The petitioner, however, only specifies two issues in his petition and other pleadings. The first was to challenge his indictment and the second was to challenge the sufficiency of the evidence used to convict him. Counsel raised the second issue on appeal but not the first issue believing it lacked merit.

> result is reliable. Unless a defendant makes both showings, it
> cannot be said that the conviction . . . resulted from a breakdown in
> the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims that a witness and a United States attorney gave perjured testimony at the petitioner's grand jury proceeding by testifying that a convenience store the petitioner and his co-defendants allegedly robbed closed as a result of the robbery. The petitioner claims the perjured testimony rendered the indictment defective and counsel was ineffective for not challenging the indictment.

To prove the petitioner was guilty of Counts (1) and (2) in the indictment, the government was required to prove the petitioner affected interstate commerce by robbery. 18 U.S.C. § 1951. Prior to trial, the government believed the store closed down as a result of the robbery, thereby affecting interstate commerce. Counsel states in an affidavit that the government was unaware the store did not close down because of the robbery until after a

witness's testimony at trial. Through counsel's cross-examination, the witness testified that she had made a mistake as to the cause of the store's closure; the store had not been closed as a result of a robbery, but an ice storm had caused it to close. Because the store did not close down, the government could not prove that robbing the store affected interstate commerce and the government filed a motion to dismiss the first two counts of the indictment. A defendant who has been acquitted of a charge has not been denied the right to indictment. United States v. Mills, 995 F.2d 480, 487 n. 2 (4th Cir. 1993). The government dismissed the two counts relying on the store closure and the Court did not charge the jury with these dismissed counts. Moreover, counsel states that a United States attorney never testified at the grand jury proceeding. The petitioner's indictment was not defective, counsel was not ineffective for failing to challenge the indictment, and the petitioner was not prejudiced by counsel's decision not to challenge the indictment. The petitioner is not entitled to relief on this claim.

Second, the petitioner claims counsel failed to file a motion to suppress statements he made to a government agent. Prior to trial, the petitioner admitted to an ATF agent in the presence of his attorney that he had possessed a "starter pistol."[2] The petitioner does not allege that this statement was involuntarily made. The Court would have denied a motion to suppress statements voluntarily made and with counsel present.[3] Massiah v. United States, 377 U.S. 201, 205 (1964); see also Miranda v. Arizona, 384 U.S. 436, 478 (1966). The petitioner does not offer any other grounds on which to base a motion to suppress, and therefore, fails to

---

[2] The admission to the ATF agent was not used at trial.

[3] Prior to trial, Hervery B.O. Young represented the petitioner but moved to Greenville during the course of the proceedings. William F. Nettles, IV represented the petitioner at trial and on appeal.

demonstrate prejudice and is not entitled to relief on this claim.

Third, the petitioner claims that before trial he asked counsel to file a motion to be tried alone without his co-defendant and counsel was ineffective for not doing so. Because King and the petitioner were not charged in the same counts, the petitioner claims joinder was improper. The petitioner, Ronnel King, and two other defendants were charged in the same indictment relating to hijacking a car and a convenience store robbery which both occurred on the same night.[4] King and the petitioner were both charged with a Hobbs Act robbery, using a firearm during a Hobbs Act robbery, and two separate counts of being felons in possession of a firearm. Barring special circumstances, defendants who are indicted together should be tried together for the sake of judicial economy. United States v. McManus, 23 F.3d 878, 883 (4th Cir. 1994). The test for joinder is whether the defendants have been alleged to have participated in the same act or transaction or the same series of acts or transactions. United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). Because King and the petitioner were charged for offenses in the same indictment they allegedly had committed while robbing a convenience store, their cases were properly joined under Rule 8 of the Federal Rules of Criminal Procedure.

Rule 14(a) of the Federal Rules of Criminal Procedure allows relief from joinder of defendants if a defendant appears to be prejudiced by it. To be entitled to severance, a movant must establish that actual prejudice would result from a joint trial and not merely a better chance of acquittal. United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). Counsel states in an

---

[4] While the petitioner was not charged for hijacking a car, this count charging King and two other defendants was included in the indictment. The hijacking occurred on the same night the petitioner allegedly robbed a convenience store with the same three defendants charged for hijacking a car.

affidavit that witnesses testified that the petitioner possessed a firearm on the night of the robbery. This evidence would have been admissible if the petitioner had been tried alone.[5] The petitioner fails to demonstrate that his joint trial prejudiced him, and he is not entitled to relief on this claim.

Fourth, the petitioner claims that the Court made improper statements to the jury which influenced the jury to convict the petitioner and counsel was ineffective for not filing a motion for a mistrial. The first allegedly improper statement related to the dismissed counts charging Hobbs Act robbery, which were dropped during the trial. The petitioner claims the Court instructed the jury that the fact the petitioner "may or may not have" robbed a convenience store is not relevant to the case but any evidence offered to prove the dismissed robbery counts that also establishes guilt as to the possession of a firearm count should be considered by the jury. The petitioner implies that this statement suggested to the jury that he was guilty of possessing a firearm. The jury should consider all admissible evidence when deciding whether the petitioner was guilty or not guilty and the Court's statement advancing this idea was proper.

In addition, the petitioner claims that the Court's recitation to the jury of the elements of a felon in possession of a firearm prejudiced him. During deliberation, the jury requested the Court to read the elements of the offense charged in Count 6, a felon in possession of a firearm. The petitioner complains of the Court's statement relating to the first and third elements of the offense. The Court stated the first element to be "[the petitioner] had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time of the alleged possession

---

[5] The Court also advised the jury that they must consider and reach a verdict on each count in the indictment separately.

described in Count 6" and the third element was "such possession was in or affecting interstate commerce . . . ." The Court read the jury the correct elements of a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). The petitioner fails to demonstrate that these statements prejudiced him and he is not entitled to relief on this claim.

Fifth, the petitioner claims counsel was ineffective during appeal because the petitioner had to raise the issue of the defective indictment pro se. On appeal, counsel challenged the sufficiency of the evidence used to convict the petitioner. Counsel states in an affidavit that this was the only issue he believed to have merit. Counsel is not obligated to raise frivolous arguments on appeal. See Smith v. Robbins, 528 U.S. 259, 278 n. 10 (2000). The petitioner does not present arguable issues that counsel failed to raise on appeal. Id at 285. Moreover, the petitioner must demonstrate that but for counsel's failure to raise an issue on appeal, he would have prevailed. Id. As explained above, the petitioner's claim that his indictment was defective is without merit and counsel was not ineffective for excluding it. The petitioner is not entitled to relief on this claim.

Finally, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case

has run its course and his conviction and sentence became final in 2004, "before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

May 18, 2005
Charleston, South Carolina